# In the United States Court of Federal Claims

No. 16-75L

(Filed: July 5, 2017 | Not for Publication)

|  |  |  |
|---|---|---|
| ROGER BIRDBEAR, et al., | ) ) ) | Keywords: Native American Trust; Discovery; Subpoena; Non-Party; RCFC 45; Motion to Quash. |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| THE UNITED STATES OF AMERICA, | ) ) |  |
| Defendant. | ) ) |  |

*David C. Smith*, Kilpatrick Townsend & Stockton, LLP, Washington, DC, for Plaintiffs. *Charles W. Galbraith*, Kilpatrick Townsend & Stockton, LLP, Washington, DC, and *Dustin T. Greene*, Kilpatrick Townsend & Stockton, LLP, Winston-Salem, NC, Of Counsel.

*Jody H. Schwarz*, Natural Resources Section, U.S. Department of Justice, Washington, DC, with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General, for Defendant. *Holly Clement*, Office of the Solicitor, U.S. Department of the Interior, Washington, DC, Of Counsel.

*Robert S. Thompson, III*, Greenberg Traurig, LLP, Denver, CO, for Non-Party EOG Resources, Inc.

*Keith D. Tooley*, Welborn Sullivan Meck & Tooley, PC, Denver, CO, for Non-Party Whiting Resources Corporation. *Jens Jensen*, Welborn Sullivan Meck & Tooley, PC, Denver, CO, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

The plaintiffs in this case are individual members of the Three Affiliated Tribes of the Fort Berthold Reservation. The Reservation lies within the boundaries of the state of North Dakota. Plaintiffs allege that the United States has breached its fiduciary obligations and violated federal regulations governing the leasing and management of Plaintiffs' lands for oil and gas production.

Plaintiffs have served subpoenas for the production of documents on a number of non-party oil and gas companies that operate on the Fort Berthold Reservation. Two of those companies, Whiting Resources Corporation (Whiting) and EOG Resources, Inc.

(EOG), filed motions to quash the subpoenas. They argue that the subpoenas are overbroad and impose an undue burden on the companies. Whiting and EOG also argue that the subpoenas request documents that contain confidential and proprietary information.

The Court heard oral argument on the motions to quash on June 28, 2017. Subject to the conditions discussed below, the motions to quash are **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

On September 16, 2016, Plaintiffs issued subpoenas to EOG and Whiting via certified mail to their registered agents. See Non-Party EOG Resources, Inc.'s Mot. to Quash Subpoena to Produc. Docs. & Mem. of Law in Supp. Thereof (EOG's Mot.) at 8, ECF No. 34; Mot. to Quash Pls.' Subpoena to Produc. Docs., Information, or Objects or to Permit Inspection of Premises (Whiting's Mot.) at 3, ECF No. 72; see also EOG's Mot. Ex. A, ECF No. 34-1; Whiting's Mot. Ex. 1 at 1–2, ECF No. 72-1. The subpoenas demand copies of leases covering Plaintiffs' and surrounding lands, documents regarding oil and gas production and drainage, documentation of well location, documents related to environmental matters, and other documents relating to the leasing of property or production of oil and natural gas on the Reservation. EOG's Mot. Ex. A at 6–10.

Both non-parties assert that the subpoenas should be quashed in their entirety. They challenge the subpoenas on two overarching grounds. First, they assert that the subpoenas are invalid because they were issued prematurely and because they were not personally served upon the non-parties. Second, they assert that the subpoenas are overbroad and impose an undue burden upon them because a number of the requested documents are either in the government's possession or publicly available, and because some of the requests apply to land for which Plaintiffs have no property interest. The non-parties also argue that the subpoenas would require them to provide confidential and proprietary information.

## DISCUSSION

The Rules of the Court of Federal Claims (RCFC) permit the discovery of "any nonprivileged matter that is relevant to any party's claim or defense," regardless of whether the information itself is admissible. RCFC 26(b)(1). Where the recipient of a subpoena moves to quash the same, the court must do so, or modify the subpoena, if, as relevant here, the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden." RCFC 45(d)(3)(A). Additionally, a court "may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." RCFC 45(d)(3)(B). When a party moves to quash a subpoena pursuant to RCFC 45(d)(3)(B), the court is also permitted to "order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." RCFC 45(d)(3)(C).

As the movants, EOG and Whiting bear the burden of showing the subpoena is "unreasonable and oppressive." Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1210 (Fed. Cir. 1987) (quotation omitted). The movant's "burden is particularly heavy" when it seeks to quash a subpoena in its entirety, as opposed to where it seeks "some more limited protection" short of quashing the subpoena. Id. (quotation omitted). The court is required to balance the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. Id. That the person or entity upon whom the subpoena is served is not a party to the case is one factor a court considers in deciding the motion to quash. Id.

As an initial matter, the Court rejects as moot EOG's and Whiting's arguments that the subpoenas served by Plaintiffs should be quashed because they were premature. Whether or not they were premature when first issued in September 2016, discovery commenced in February 2017 pursuant to this Court's order (ECF No. 64). Plaintiffs are certainly now entitled under the Rules to serve subpoenas upon non-parties. And requiring them to reissue their subpoenas now would be pointless.

Further, the Court concludes that the subpoenas were validly served upon EOG and Whiting in compliance with RCFC 45 by service upon their registered agents via certified mail. Pursuant to that rule, subpoenas must be served by "delivering a copy to the named person." RCFC 45(b)(1). The dictionary definition of "deliver" includes "to take and hand over to or leave for another." Deliver, Merriam-Webster, https://www.merriam-webster.com/dictionary/deliver (last accessed June 28, 2017). Black's Law Dictionary defines "delivery" first and foremost as the "formal act of voluntarily transferring something; esp., the act of bringing goods, letters, etc. to a particular person or place." Delivery, Black's Law Dictionary (10th ed. 2014). Certified mail therefore satisfies the plain language of RCFC 45 because the postal carrier "deliver[s] a copy to the named person."[1]

While commentators have noted that "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required," no binding Federal Circuit precedent so holds, and those same commentators also have noted that "a growing number of cases have departed from the view that personal service is required." 9A Charles Alan Wright et al., Federal Practice and Procedure § 2454 (3d ed. Apr. 2017 update); see also, e.g., Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012) (holding that service upon state agencies via certified mail satisfied Fed. R. Civ. P. 45).[2]

Moreover, in contrast to RCFC 45, RCFC 4(a) states that "[t]o serve a complaint on the United States, the clerk must deliver one copy of the complaint to the Attorney

---

[1] Certified mail allows a sender to "[s]ee when [the item of mail] was delivered . . . and get the signature of the person who accepts the mailing when combined with Return Receipt." Insurance & Extra Services, USPS.com, https://www.usps.com/ship/insurance-extra-services.htm? (last visited June 28, 2017).

[2] RCFC 45 and Fed. R. Civ. P. 45 are identical.

General . . . by hand delivery or by sending it to an electronic address designated . . . for this purpose." If the drafters of the Rules intended to require personal hand-delivery for the service of subpoenas, RCFC 45(b)(1) would use the kind of explicit language that is used in RCFC 4(a), but it does not. The Court thus rejects EOG's and Whiting's arguments. At least where the recipients of the subpoenas are corporate entities that have received actual notice of the subpoenas, the Court concludes that that service via certified mail complies with RCFC 45.

The Court turns to the specific substantive contentions made by EOG and Whiting. First, the Court rejects their objections to Plaintiffs' requests for documents related to properties other than those for which they possess a beneficial interest. Plaintiffs have narrowed their initial subpoenas to seek leasing and production information for their own properties and those within a three-mile radius of their properties. This information is relevant to Plaintiffs' claims that the government did not lease Plaintiffs' properties for a fair market rate and that the government did not adequately protect Plaintiffs' properties from drainage. The latter point is explained in the uncontested expert affidavits Plaintiffs have submitted. See Second Decl. of Craig W. Van Kirk, ECF No. 97.

As to undue burden, Whiting and EOG assert generally that it will take a significant amount of time and resources to respond to the subpoenas. These assertions by counsel are unsupported by pertinent evidence.[3] Nor does the Court find persuasive the arguments of Whiting and EOG that the subpoenas should be quashed to the extent that they seek documents which may be available on public databases maintained by the State of Nebraska. Plaintiffs' requests are tailored to secure information relevant to this case, and requests for such information do not pose an undue burden on third parties, particularly those like EOG and Whiting that derive significant monetary benefit from Plaintiffs' properties.

On the other hand, the Court agrees that—at this point—it is unnecessary to require the third parties to produce documents that should be in the government's possession. Plaintiffs' reason for requesting that the third parties produce these

---

[3] EOG's Declaration of Shay Holte (ECF No. 45-2), one of its Petroleum Engineers, speaks primarily to its argument that a number of the requested documents can be obtained in discovery from the government, a point the Court addresses in the text below. Mr. Holte's affidavit also protests the burden imposed by requiring EOG to search for documents related all of its oil and gas leases in North Dakota or for its leases for some 62 tracts of land he asserts are encompassed in the original subpoena. Plaintiffs have now explicitly limited their requests to: 1) the tracts of Plaintiffs' land leased by EOG and Whiting (six by each) and which Plaintiffs have identified by both lease and tract number; and 2) land within a three-mile radius of those properties. Much of the documentation that Plaintiffs request may well be stored in electronic form; the requested emails certainly are. In any event, the Court is unpersuaded by Mr. Holte's assertions that it would be an undue burden to require EOG to produce the documents related to these properties.

4

documents appears to concern the speed at which the government is producing the documents in discovery, as opposed to whether the government's records are themselves complete. Should the government not produce the documents within the next 60 days, Plaintiffs may issue new subpoenas, requesting their production.

Accordingly, EOG's and Whiting's motions to quash are **GRANTED-IN-PART** as follows: Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 17, 18, 19, 20, 21, 22, 23, 25, and 32 are quashed to the extent they request documents that are also in the possession of the federal government.

To the extent the numbered requests listed above seek documents not also in the possession of the federal government, and are limited, as agreed by Plaintiffs, to the specific tracts of Plaintiffs' lands in which EOG and Whiting have an interest and those within a three-mile radius of Plaintiffs' properties, EOG's and Whiting's motions are **DENIED**. Additionally, their motions are **DENIED** with respect to the remaining requests in the subpoenas, as limited in the same manner to Plaintiffs' properties in which EOG and Whiting have an interest and those within a three-mile radius thereof.

EOG and Whiting, however, are entitled to a protective order to the extent that subpoenas seek confidential and/or proprietary information. To that end, the Court **DIRECTS** the parties to confer regarding a proposed protective order for the production of non-party information and to submit an agreed-upon proposed protective order to the Court within **SEVEN** days of the date of this order. For this reason, Plaintiffs' current motion for a protective order, ECF No. 77, is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge