# In the United States Court of Federal Claims

No. 16-75L
Filed: January 4, 2018

|  |  |
|---|---|
| ROGER BIRDBEAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Keywords: RCFC 37; Motion to Compel; Discovery. |

*David C. Smith*, Kilpatrick Townsend & Stockton LLP, Washington, DC, for Plaintiffs. *Charles W. Galbraith*, Kilpatrick Townsend & Stockton LLP, Washington, DC, and *Dustin T. Greene*, Kilpatrick Townsend & Stockton LLP, Winston-Salem, NC, Of Counsel.

*Jody H. Schwarz*, Natural Resources Section, U.S. Department of Justice, Washington, DC, with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General, for Defendant. *Dedra S. Curteman*, Natural Resources Section, U.S. Department of Justice, Washington, DC, *Thomas A. Benson*, Environmental Enforcement Section, U.S. Department of Justice, Washington, DC, and *Holly Clement*, Office of the Solicitor, U.S. Department of the Interior, Washington, DC, Of Counsel.

**OPINION AND ORDER**

**KAPLAN, Judge.**

Before the Court is Plaintiffs' motion to compel the production of documents and request for an expedited hearing. In their motion, Plaintiffs seek an order compelling the government to produce "all outstanding documents responsive to Plaintiffs' document requests" within twenty days of the issuance of the order and request that the Court award Plaintiffs attorneys' fees and costs. Pls.' Mot. to Compel Produc. of Docs. & Req. for Expedited Hr'g (Pls.' Mot.) at 1, 6, ECF No. 115. They also request an expedited hearing on their motion. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

**DISCUSSION**

In their motion, Plaintiffs complain of the government's failure to timely produce documents requested last March, with a particular emphasis on tens of thousands of emails that the government has already stated may be responsive to Plaintiffs' document requests. They also

assert that the government has made misrepresentations to them and to the Court regarding its efforts to comply with Plaintiffs' requests.

The Court agrees with Plaintiffs that the pace of the government's production of documents, particularly emails, has not been optimal. Plaintiffs made their requests for the production of documents on March 6, 2017. Joint Status Report to the Court at 1, ECF No. 75. The parties subsequently agreed that the government would produce the documents on a rolling basis and, at their request, the Court entered a Stipulated Order governing the discovery of ESI on June 23, 2017. See ECF No. 93. That Order included the names of the custodians of the documents the parties had requested, as well as agreed upon search terms. According to the government, the search terms that the parties initially agreed upon generated an unwieldy number of emails, and the parties subsequently agreed to modify those terms at the beginning of October 2017. United States' Opp'n to Pls.' Mot. at 7–9, ECF No. 123.

In a Joint Status Report filed on October 3, 2017, the government represented that "through the week of October 31, 2017," it would review the "approximately 60,000 potentially responsive documents that were identified in its google email system search," "with the goal of producing the documents to Plaintiffs by the first week of November, 2017," and that it was "working on arrangements to produce some of the emails earlier during the week of October 15, 2017." Joint Status Report at 2, ECF No. 111. According to Plaintiffs, however, as of the date that they filed the present motion to compel, November 20, 2017, Plaintiffs had not yet received from the government any of these 60,000 potentially responsive emails. Pls.' Mot. at 1. Further, based on the declaration of Tony Irish, an attorney in the Department of Interior's Office of the Solicitor with responsibility for electronic discovery in this case, as of December 14, 2017, the Department was still reviewing for responsiveness and privilege some 95,000 emails, 85,000 of which it did not identify until the preceding week. Decl. of Tony Irish ¶¶ 1, 4, 9–10, ECF No. 123-3. In addition, it appears that the government did not arrange for dedicated personnel to review the emails for responsiveness and privilege until relatively recently. United States' Opp'n to Pls.' Mot. at 9.

The government has apparently produced additional documents since Plaintiffs filed their Motion to Compel, including, the Court presumes, some of the promised emails. Id. Nonetheless, Plaintiffs assert that in light of the March 30, 2018 date for the close of fact discovery, the government's delay in producing the emails will hamper them in their conduct of depositions of government and third party witnesses, and in determining whether additional discovery is required. They are also concerned that unless this Court sets a firm deadline for the production of the remaining documents, further delays will ensue.

The Court does not agree with Plaintiffs that the government has deliberately misled the Plaintiffs or the Court regarding its efforts to comply with Plaintiffs' document production requests. The agreement between the parties was for a rolling production of documents, and it appears that adjustments had to be made to the ESI search terms in September or October of 2017 to reduce the volume of emails the government was required to review. To be sure, certain "goals" identified by the government for the production of emails in October and November were not realized, but the Court does not believe that the government's conduct can reasonably be characterized as a failure to cooperate in discovery within the meaning of Rule 37 of the

2

Rules of the Court of Federal Claims. Accordingly, Plaintiffs' motion to compel and for an expedited hearing is **DENIED**.

Nonetheless, in the interest of the efficient completion of the discovery process, the Court agrees that it would be appropriate to set a deadline for the government to complete its production of documents. In addition, the Court will extend the deadline for fact discovery by forty-five days, to permit Plaintiffs to review the documents produced for purposes of depositions or potential further discovery.

Accordingly, the government shall complete production of all documents responsive to Plaintiffs' March 6, 2017 requests no later than **February 9, 2018**. In addition, the time for completion of fact discovery shall be extended by forty-five days, to **May 14, 2018**. The parties shall file a joint status report no later than **February 12, 2018**, advising the Court of the status of discovery and any other relevant matters that require the Court's attention.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge