# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| ROGER BIRDBEAR, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  16-75L |
| v. | ) | (Filed: October 4, 2023) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Michael R. Cashman, John J. Steffenhagen, Ryan M. Theis, and Brian W. Nelson, Hellmuth & Johnson, PLLC, Edina, Minn., for Plaintiffs. Terrance W. Moore, Hellmuth & Johnson, PLLC, Edina, Minn., Of Counsel.

Thomas A. Benson, Nicholas A. McDaniel, and Amanda Stoner, Environment & Natural Resources Division, U.S. Department of Justice, Washington, D.C., with whom was Todd Kim, Assistant Attorney General, for Defendant. Karen Boyd, Christopher King, and Robert Merritt, Office of the Solicitor, U.S. Department of the Interior, Washington, D.C., Of Counsel.

## OPINION AND ORDER

Plaintiffs have filed a motion in limine to exclude from trial testimony by the government's expert Gregory Chavarria concerning the total amounts that Plaintiffs have received in royalties from their leases. Pls.' Mot., ECF No. 242. They contend that such testimony is irrelevant to the remaining claims in this case and prejudicial to Plaintiffs. Id. at 1, 4–7. They also seek an order precluding Mr. Chavarria from offering testimony opining with respect to the legal and fiduciary obligations the government owes Plaintiffs and whether the government met them. Id. at 7–8.

Plaintiffs' motion lacks merit. The Court agrees that—to the extent that Mr. Chavarria's opinions concerning total royalty amounts were to be offered to address issues raised in Counts 2 and 4—his testimony would be irrelevant, as summary judgment has been entered for the government as to these two counts. See Op. & Order at 21–22, 25, ECF No. 207. But Plaintiffs also claim a loss of royalty payments resulting from the government's alleged breach of fiduciary obligations with respect to drainage, development, and flaring. See Pls.' Contentions of Fact and Law at 3, ECF No. 220 (alleging that Plaintiffs have suffered "catastrophic losses" as of result of the government's breach of its fiduciary duties). These claims are still before the Court.

Plaintiffs allege that the revenue they actually received will nonetheless not be an issue at trial but will instead be the subject of a post-trial accounting in aid of judgment. Pls.' Mot. at 2. They further contend that "[t]he only reason that Defendant would have to offer any opinions or evidence of the total amount of royalties that Plaintiffs have received in the past is to attempt to prejudice Plaintiffs in the eyes of the Court." Id. at 6.

These arguments are unpersuasive. As the government points out, the Court has not bifurcated damages from liability for purposes of trial; nor has it weighed in on whether an accounting in aid of judgment would be necessary. In fact, Plaintiffs have identified an expert (Jane Kidd) whom they intend to offer as a witness regarding the precise amounts they are owed if their claims are upheld. Mr. Chavarria's testimony regarding the total amounts Plaintiffs have already been paid might well be relevant in response to the testimony of Ms. Kidd.

The Court is not sure why Plaintiffs believe that testimony regarding the total royalty amounts Plaintiffs have received would be particularly prejudicial to their case. Moreover, where, as here, a bench rather than jury trial will be held, there is little if any risk of the kind of prejudice contemplated by Federal Rule of Evidence 403. See, e.g., United States v. Labona, 689 F. App'x 835, 838–39 (6th Cir. 2017) ("[C]ourts worry less about prejudicial effects in bench trials."); United States v. Ziska, 267 F. App'x 717, 719 (9th Cir. 2008) (noting that bench trials before experienced judges "lessen[] the risk of potential unfair prejudice, if any"); Gulf States Utils. Co. v. Encodyne Corp., 635 F.2d 517, 519 (5th Cir. 1981) (holding that the weighing of probative and prejudicial value through Rule 403 "has no logical application to bench trials").

The Court is similarly unpersuaded by Plaintiffs' argument that the Court should issue an order in advance of trial prohibiting Mr. Chavarria from testifying about his understanding of the government's fiduciary obligations or opining about whether the government complied with the statutes or regulations that give rise to those obligations. The Court agrees that an expert witness's opinion regarding the interpretation of the law or its application to the facts of a case is generally inadmissible because considering it "would invade[] the province . . . of the court to make ultimate legal conclusions." Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d 1356, 1364 (Fed. Cir. 2008). But the Court is of the view that it is unnecessary to issue a preemptive order excluding testimony of this sort, where it is entirely unclear whether or in what context the government might intend to elicit such testimony from Mr. Chavarria.

Finally, the Court shares the government's concern about language in Plaintiffs' motion that appears to indicate that Plaintiffs expect to continue to litigate issues that the Court has already decided or breaches of trust that are not grounded in specific duties imposed by statute or regulation. Def.'s Resp. at 5–7, ECF No. 255. For example, on the one hand, Plaintiffs concede in their motion that their "claims related to the IIM disbursements [to the Great Plains Regional Office] are no longer relevant at trial" in light of the Court's entry of summary judgment for the government as to Count 4. Id. at 6 (quoting Pls.' Mot. at 2). Nonetheless, in the three sentences that follow this acknowledgement, Plaintiffs assert that 1) "[t]he Government breached its trust duties by relying entirely on the oil production companies ('OPC') to make these determinations," 2) "[t]he Government actually gave the OPCs full access to deposit and withdraw funds directly from Plaintiffs' IIM accounts," and 3) "[t]his improper delegation of its duties is relevant to the Government's breach of trust." Pls.' Mot. at 2.

These seemingly contradictory statements appear to rehash arguments that the Court rejected when it entered summary judgment as to Count 4. Plaintiffs also seem to be asserting new claims alleging breaches of never before mentioned fiduciary obligations, such as an obligation not to "delegate" certain functions to the OPCs.

At any rate, the alleged breaches described in these statements are not part of the drainage, diligent development, and venting and flaring claims that remain before the Court. Nor are they related to whatever claims remain to be tried under Counts 1, 5, and 11.

Plaintiffs are cautioned that the Court expects their evidence and argument at trial to be relevant to the government's fulfillment of the specific fiduciary obligations that are the basis for the claims that ultimately remain for trial. And, for the reasons set forth above, Plaintiffs' motion in limine to exclude certain expert testimony from Gregory Chavarria, ECF No. 242, is **DENIED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge